IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DES MOINES DIVISION

RECEIVED
JAN - 2 2009
CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

DAVID WEIHS, GARY WEIHS, and PRESTON POND

Plaintiffs,

v.

CRAIG WILSON and PHILIP LANE,

Defendants.

Case No.: 4-09-CV-1 JEG-CFB

PETITION AT LAW

**PETITION FOR INJUNCTIVE RELIEF**

Plaintiffs, for their claims against Defendants, respectfully state as follows:

**SUMMARY ALLEGATIONS**

1. Plaintiffs bring this action pursuant to Iowa law to obtain injunctive relief for the misconduct described herein below.

2. This case arises out of the participation of both Plaintiffs and Defendants as Directors, Members or Officers of Fazenda Parceiros, LLC ("Fazenda"). Fazenda is a limited liability company organized in Iowa in 2005. Defendant Craig Wilson was a Director of Fazenda. Defendant Philip Lane was a Director of Fazenda. Defendant Philip Lane is and was a Member of Fazenda. Plaintiff Gary Weihs is and was a Director of Fazenda. Plaintiff Gary Weihs is and was a Member of Fazenda. Plaintiff David Weihs is and was an Officer of Fazenda, having served as a Vice President since 2005. Plaintiff David Weihs is and was a Member of Fazenda. Plaintiff Preston Pond is and was a Member of Fazenda.

3. In 2006, Mariana, LLLP ("Mariana") was formed as an Iowa limited liability limited partnership for the purpose of owning and operating virgin cerrado farmland in Bahia, Brazil. A confidential offering memorandum was published for Mariana in 2006, pursuant to which Mariana proposed to raise $17,000,000.00 through a private offering to

finance the purchase, development and operation of 13,418 acres of farmland in Bahia, Brazil. Fazenda was to be and is the general partner of Mariana.

3. In connection with and pursuant to the terms of the Mariana offering, Plaintiffs became limited partners in Mariana. Plaintiffs also became Members of Fazenda, Mariana's general partner. Along with their Mariana investments, each of the Plaintiffs have purchased membership units in Fazenda. (*See* Affidavit of David Weihs and Affidavit of Gary Weihs)

4. Defendants have taken action, in breach of their duties owed to Plaintiffs, to disenfranchise Plaintiffs with respect to their rights as Members of Fazenda. The Plaintiffs, representing more than 30% of the Members of Fazenda, properly requested a special Member meeting be called by the Directors. Defendant Philip Lane refused to call this meeting even though Fazenda's Operating Agreement (the "Operating Agreement") states the Directors shall call a meeting when requested in writing by not less than 30% of the Members. On Friday, December 19 2008 a duly noticed special Director meeting was held pursuant to the terms of Fazenda's Operating Agreement. At this meeting the Directors were informed that Fazenda, and the Secretary of Fazenda, Wayne Goedken, had received a signed request from 30% of the Members for the calling of a special Member meeting to be held at Fazenda's place of business, 1019 Quince Road, Harlan, Iowa on December 29 2008 at 3:00 pm. The requested purpose of the requested special Member meeting was to hold a member vote on the removal of three of Fazenda's Directors, Defendant Craig Wilson, Defendant Philip Lane, and Roy Carver, III. Plaintiff Gary Weihs motioned to call this special Member meeting. Defendant Philip Lane and Director Roy Carver, III refused to second Gary's motion. Defendant Philip Lane and Director Roy Carver, III refused to support the calling of the requested special Member meeting and did not direct the Secretary, Wayne Goedken, to send notice to the Members calling the properly requested special Member meeting.

5. Both Defendants have recently taken further actions in violation of Fazenda's Operating Agreement and in breach of their duties owed to Plaintiffs, in an invalid effort to dilute Plaintiffs' ownership interests in Fazenda and to prevent Plaintiffs from exercising control in that company to the full extent of their rights.

6. These actions and others by the Defendants violated the terms of the Operating Agreement of Fazenda.

7. Plaintiffs seek injunctive relief because, unless restrained by this Court, Defendants will continue their pattern of wrongful conduct, taking improper actions to operate and control Fazenda, causing irreparable harm to Plaintiffs.

## THE PARTIES, JURISDICTION AND VENUE

8. Plaintiff Gary Weihs is a United States citizen and is domiciled within Iowa. Plaintiff Gary Weihs, at all times material herein, was and is a resident of Shelby County, Iowa. . Plaintiff Gary Weihs is a Member of Fazenda and holder of 5 units of Fazenda. He is also a Director of Fazenda.

9. Plaintiff David Weihs is a United States citizen and is currently domiciled within Iowa. Plaintiff David Weihs, at all times material herein, was and is a resident of Shelby County, Iowa. He has also developed residency in Bahia, Brazil through his role as a Vice President Officer position within Fazenda. Plaintiff David Weihs is a Member of Fazenda and holder of 5 units of Fazenda. He is also a former Director of Fazenda.

10. Plaintiff Preston Pond ("Pond"), is a United States citizen and is domiciled within Utah. Plaintiff Pond was a resident of Shelby County, Iowa but is now a resident of Salt Lake County, Utah. Plaintiff Pond is a Member of Fazenda and holder of 2 units of Fazenda. He is also a former Director of Fazenda.

11. Defendant Philip Lane ("Lane"), is a United States citizen and is domiciled within Illinois. Plaintiff Lane at all times material herein, was and is a resident of Cook

County, Illinois. Defendant Lane was a Director of Fazenda until the Members of Fazenda voted to remove him from his position on December 29, 2008, and, in that position at the December 19, 2008 special Director meeting, wrongfully refused to support the calling of the Plaintiff's properly requested special Member meeting. Prior to being removed, Defendant Lane, in his position as a Director of Fazenda, also wrongfully participated in an unlawfully convened special Director meeting on December 26, 2008, and among other things purported to issue additional units and votes in an effort to dilute Plaintiffs' control over Fazenda. In taking the actions described herein, Defendant Lane acted for himself and in his capacity as an agent, employee and/or representative of Fazenda, within the course and scope of that agency, employment and/or representation.

12. Defendant Craig Wilson ("Wilson"), is a United States citizen and is domiciled within Kansas. Plaintiff Wilson at all times material herein, was and is a resident of Johnson County, Kansas. Defendant Wilson was a Director of Fazenda until the Members of Fazenda voted to remove him from his position on December 29, 2008. Prior to being removed, Defendant Wilson, in his position as a Director of Fazenda, wrongfully participated in an unlawfully convened special Director meeting on December 26, 2008, and among other things purported to issue additional units and votes in an effort to dilute Plaintiffs' control over Fazenda. In taking the actions described herein, Defendant Wilson acted for himself and in his capacity as an agent, employee and/or representative of Fazenda, within the course and scope of that agency, employment and/or representation.

13. Jurisdiction and venue are proper in this District Court because Article III Article III, § 2 of the United States Constitution gives the U.S. Congress the power to permit federal courts to hear cases which involve diversity jurisdiction. Diversity jurisdiction is presently codified at 28 U.S.C. § 1332. In this case diversity jurisdiction does apply because there is complete diversity with none of the plaintiffs from the same state as any of the defendants

and the amount in controversy is significant due to the detrimental damage that will be caused to Plaintiffs' investments related to Fazenda and companies that Fazenda controls such as Mariana. These potential investment losses would be in excess of $75,000.

**FACTUAL ALLEGATIONS**

14. On December 19, 2008, at 1:00 p.m., Plaintiffs Gary Weihs and David Weihs attended a duly organized special Director meeting. Defendants Wilson and Lane also attended this Director meeting. Also in attendance were Fazenda Director Roy Carver, III, Fazenda Secretary Wayne Goedken and legal advisor Mark Wickham. The three Plaintiffs, representing more than 30% of the Members of Fazenda, properly requested a special Member meeting by signing and delivering a written request document addressed to Fazenda, and the Secretary of Fazenda. A copy of this December 19, 2008, written and signed request is submitted herewith as "Exhibit B". The Plaintiffs' right to request and call for a special Member meeting are very clear in Fazenda's Operating Agreement submitted herewith as "Exhibit A". Sections 6.6 of the Operating Agreement states in relevant part as follows:

> Member Meetings. ... Special meetings of the Members, for any purpose(s) described in the meeting notice, may be called by the Directors, and shall be called by the Directors at the request of not less than thirty percent (30%) of all Members. A call by the Members for a special meeting shall be in writing, signed by the persons calling for the same, addressed and delivered to the Secretary, and shall state the time and purpose(s) of such meeting.

Section 5.13 of the Operating Agreement further provides:

> Removal of Directors. The Members may remove a Director, with or without cause, at a meeting called for that purpose, if notice has been given that a purpose of the meeting is such removal.

At this December 19, 2008, special Director meeting all four of the Directors were informed that Fazenda, and the Secretary of Fazenda, Wayne Goedken, had received a signed request from more than 30% of the Members for the calling of a special Member meeting to be held at Fazenda's place of business, 1019 Quince Road, Harlan, Iowa, 51537, on December 29

2008 at 3:00 p.m. CST. The purpose of the requested special Member meeting was to hold a Member vote on the removal of three of Fazenda's Directors, Defendant Craig Wilson, Defendant Philip Lane, and Roy Carver III. The special Director meeting took a recess at around 1:30 p.m. and resumed around 3:00 p.m. Once the Director meeting resumed in attendance were Defendant Lane as a Director, Director Roy Carver, III as a Director, Plaintiff Gary Weihs as a Director, Plaintiff David Weihs as the sole Vice President and acting President of Fazenda, Wayne Goedken as the Secretary of Fazenda and Mark Wickham as the legal advisor to the Fazenda. Fazenda Director Defendant Wilson did not rejoin the special Director meeting. Plaintiff Gary Weihs motioned to call the requested special Member meeting. Defendant Lane refused to second Gary's motion. He refused to support the calling of this properly requested special Member meeting and he did not direct the Secretary, Wayne Goedken, to notice the Members of the requested special Member meeting. Fazenda does not currently have a President in an officer position. Plaintiff David Weihs as the sole Vice President of Fazenda acted as President as is allowed under the Operating Agreement section 5.19. Acting as President, David Weihs encouraged the Directors to follow the Operating Agreement and call for the properly requested special Member meeting. Defendant Lane and Director Roy Carver, III asked Fazenda's legal advisor Mark Wickham if they were required to support the calling of the requested special Member meeting. After reviewing Fazenda's Operating Agreement over the recess and also stating that he had access to the Operating Agreement at that moment, Mark Wickham stated to all in attendance that the Directors are required and shall call for the special Member meeting because not less than 30% of the Members had properly requested the special Member meeting. The December 19, 2008, special Director meeting minutes as recorded by Mark Wickham and distributed by Wayne Goedken are submitted herewith as "Exhibit H".

Plaintiff Gary Weihs' comments and edits to those minutes are submitted herewith as "Exhibit I".

15. Due to the refusal of Defendant Lane and Director Roy Carver, III to support the calling of the properly requested special Member meeting and the subsequent inaction of Secretary Wayne Goedken to properly notice the meeting, Director Gary Weihs requested Vice President David Weihs to send proper notice to the Members for the requested meeting.. On December 23, 2008, Plaintiff David Weihs fulfilled the action required by Fazenda's Operating Agreement by noticing all Members of the requested meeting. A copy of this notice is submitted herewith as "Exhibit C".

16. On December 26, 2008, specific actions by Defendants were taken at a purported special Director meeting for the sole purpose of improperly diluting Plaintiffs' interests in Fazenda and seizing control for themselves. As of December 26, 2008, the Members of Fazenda were Plaintiff David Weihs, Plaintiff Gary Weihs, Plaintiff Preston Pond, Defendant Philip Lane, and non-parties Tony Smith, Richard Burmeister and Ronald Beach, with each owning units in the Company and each having rights and powers with respect to electing Directors and directing the affairs of the company. (*See* Affidavit of David Weihs and Affidavit of Gary Weihs submitted herewith.)

17. On December 25, 2008, Plaintiff Gary Weihs received an invitation to participate in a special Director meeting on December 26, 2008, at 2:00 p.m. Wayne Goedken, in his capacity as Secretary for Fazenda, initiated this invitation via email. Plaintiff Gary Weihs called Wayne Goedken on the morning of December 26, 2008 to inform Wayne Goedken that Plaintiff Gary Weihs had not received proper notice of the meeting. Wayne Goedken told Plaintiff Gary Weihs that proper notice had been sent.

18. Plaintiff Gary Weihs attended the purported December 26, 2008 2:00 p.m. special Director meeting but only for the express purpose of objecting to the transaction of

any business because the meeting was not lawfully called or convened. At the time of this purported Director meeting Plaintiff Gary Weihs had not received any notice other than the email invitation. Plaintiff Gary Weihs did receive and open a notice in the mail from Secretary Wayne Goedken on December 26, 2008, the day of the meeting. A true and correct copy of this notice is submitted herewith as "Exhibit D" (*See* Affidavit of Gary Weihs submitted herewith.)

19. The notice for the special Director meeting to be held on December 25, 2008, was defective inasmuch as it failed to comply with the notice requirements stated in Fazenda's Operating Agreement. More specifically, the notice failed to meet the requirements of Sections 5.8 and 11.1 of the Operating Agreement. Section 5.8 states in relevant part as follows:

> Such notice shall be given at least two (2) days prior thereto and shall be in writing, unless oral notice is reasonable under the circumstances. If mailed, such notice shall be deemed to be delivered on the earlier of five (5) days after deposit in the U.S. mail addressed to the Director's address as shown on the Company's records with postage prepaid, or upon receipt. Any Director may waive notice of any meeting. Except as provided in the next sentence, the waiver must be in writing, signed by the Director entitled to notice, and filed with the minutes relating to the action taken. A Director's attendance at a meeting shall constitute a waiver of notice of such meeting, except where such Director attends the meeting for the express purpose of objecting to the transaction of any business because the meeting was not lawfully called or convened.

Section 11.1 of the Operating Agreement further provides:

> Any notice, payment, demand, or communication required or permitted to be given by any provision of this Agreement shall be in writing and shall be deemed to have been delivered, given, and received for all purposes (i) if delivered personally to the Person or to an officer of the Person to whom the same is directed, or (ii) when the same is actually received, if sent by regular or certified mail, postage prepaid, or by facsimile, if such facsimile is followed by a hard copy of the facsimile communication sent promptly thereafter by regular or certified mail, postage prepaid, . . .

20. Section 5.8 states a Director must be given at least two (2) days prior notice of a special Director meeting. Plaintiff Gary Weihs did not receive any written notice of the

meeting until after the meeting took place. Section 5.8 also states that if notice is mailed, then such notice shall be deemed to be delivered five (5) days after deposit in the U.S. mail. Secretary Wayne Goedken deposited the notice in U.S. mail on December 20, 2008. According to the Operating Agreement the notice would be deemed delivered to Plaintiff Gary Weihs on December 25, 2008, which is five (5) days after the notice was deposited in U.S. mail and only one (1) day prior to meeting time. This does not meet the two (2) days prior notice that Plaintiff Gary Weihs is entitled to receive as a Director of Fazenda.

21. At the time the notice of special Director meeting was purportedly given, Plaintiff Gary Weihs was a Director of Fazenda, entitled to notice of all Director meetings. Gary Weihs did not receive notice by any of the means or methods set forth in Sections 5.8 and 11.1 of the Operating Agreement. Nor did Plaintiff Gary Weihs waive his right to notice. (*See* Affidavit of Gary Weihs submitted herewith.)

22. On December 26, 2008, at 2:00 p.m., Plaintiff David Weihs the Vice President of Fazenda, Wayne Goedken the Secretary of Fazenda, Defendant Wilson an at that time Director of Fazenda, Plaintiff Gary Weihs and Defendant Lane, attended the purported properly noticed special Director meeting. At the start of the meeting Plaintiff Gary Weihs stated that he was attending meeting for the express purpose of objecting to the transaction of any business because the meeting was not lawfully called or convened and he then left the meeting. Defendants Wilson and Lane then purported to remove Plaintiff David Weihs from his Vice President Officer position within Fazenda. These Directors also purported to appoint Director Roy Carver, III as the President of Fazenda. The Secretary of Fazenda, Wayne Goedken, also stated that the Directors purported to issue additional Fazenda membership units to Defendant Lane and Director Roy Carver, III. As of the date of this petition, January 02, 2009, the minutes of this purported meeting have not been provided to Director and Plaintiff Gary Weihs.

23. The sole purpose of this December 26 meeting was to entrench these Defendants in positions of power within Fazenda, and, through Fazenda, within Mariana, so they could continue to commit the wrongful acts alleged in this petition at the expense of the remaining Fazenda Members, and to dilute Plaintiffs' interests and rights in Fazenda and Mariana. These actions were taken in violation of the terms of the Operating Agreement and in breach of Defendants' fiduciary duties and duties of good faith and fair dealing under Fazenda's Operating Agreement.

24. On December 29, 2008, the special Member meeting was held that was called and requested by the Plaintiff's and noticed by Plaintiff David Weihs. 16 out of the 23 outstanding Units/Votes attended the meeting. This did represent a quorum and the Members proceeded to vote on the items that were noted as the purpose of the meeting. A Vote was to be taken on the removal of Defendant Wilson, Defendant Lane and Director Roy Carver, III. The members did Vote to remove Defendants Wilson and Lane. The members did not hold a Vote to remove Director Roy Carver, III. Fazenda's board of Directors now consists of Plaintiff Gary Weihs, Director Roy Carver, III and three vacant Directors positions/seats.

25. At the purported special Director meeting on December 26, 2008, Defendants Wilson and Lane, and Director Roy Carver, III unlawfully removed Plaintiff David Weihs as an Officer of Fazenda, appointed Roy Carver, III the President of Fazenda, offered Fazenda Membership and Membership Units to Director Roy Carver, III, issued additional Membership Units to Defendants Lane, called a Fazenda special Director meeting to be held on January 02, 2009 at 2:00 p.m. at the offices of the Brown Winick Law Firm in Des Moines, Iowa, and called a Fazenda special Member meeting to be held on January 02, 2009 at 3:00 p.m. at the same offices of the Brown Winick Law Firm in Des Moines, Iowa. Plaintiff's do not know the extent of other action taken at this improperly noticed December 26, 2008 special Director meeting. As is clearly detailed in this Petition for Injunctive Relief

and the Affidavit's of Plaintiff David Weihs and Gary Weihs, this Director meeting on December 26, 2008 was not properly noticed and was invalid and no action taken at that meeting was valid.

26. On or about December 30, 2008, Plaintiffs learned of a purported special Member meeting on January 02, 2009 by receiving a notice letter in the mail which is submitted herewith as "Exhibit E". This special Member meeting notice states that the purpose of the special Member meeting is to hold a Member vote on the sale, lease, exchange or other disposition of all, or substantially all, of the Fazenda's property. On January 01, 2009, the Plaintiffs and all Members received an email from Fazenda Secretary Wayne Goedken which contains details about an offer from a Brazilian individual to purchase 100% of Fazenda's Brazilian holdings. This email and information attached to the email is submitted herewith as "Exhibit G". This is the offer that is purportedly being voted on at 3:00 p.m. on Friday, January 02, 2009 at a special Member meeting in Des Moines.

27. Plaintiffs Gary Weihs, David Weihs and Preston Pond rightfully hold 12 Units/Votes out of a total of 23 Units/Votes outstanding. This is a controlling interest of Fazenda and allows the Plaintiffs' to analyze the offer and control the decision if all three Plaintiffs attend any special Member meeting called for the purpose of voting on a sale of such.

## COUNT I
## INJUNCTIVE RELIEF

28. Plaintiffs' hereby repeat and reallege each and every allegation contained in Paragraphs 1 through 27 of this Petition, with the same force and effect as if herein repeated and set forth at length.

29. The December 19, 2008, actions of Defendant Lane as a Director of Fazenda after being informed of the proper request for a special Member meeting was in breach of the

Fazenda Operating Agreement, and in breach of Defendant Lane's duties of good faith and fair dealing arising out of the Fazenda Operating Agreement.

30. Because Defendant Lane's and Director Roy Carver, III's actions during the special Director meeting and specifically after the moment they were informed of the proper request for a special Member meeting were improper and in breach of Fazenda's Operating Agreement, none of the actions purportedly taken by those Directors after that point, including the refusal to call the requested special Member meeting, were valid.

31. Because the notice delivered to Plaintiff Gary Weihs on December 25, 2008, was invalid and did not comply with the notice requirements of the Operating Agreement or with Defendants' duties to Plaintiffs, no actions purportedly taken at that December 26, 2008 meeting were valid or effective. Plaintiffs here ask the Court to enjoin Defendants Wilson and Lane, Director Roy Carver, III, and Secretary of Fazenda Wayne Goedken from taking any steps in furtherance of those invalid actions.

32. Unless Defendants are enjoined as requested, Plaintiffs will suffer irreparable harm. Because of the purported issuance of new ownership interests in Fazenda, Plaintiffs have been disenfranchised and no longer have the same power to elect Directors and thereby to influence Fazenda's conduct of business and, through Fazenda, the conduct of Mariana's business. Plaintiffs fear that without such control, they will be powerless to stop actions by Defendants that will irreparably damage their interests in both companies and will be unable to obtain information needed to assess Defendants' actions. In addition, upon information and belief, Defendants are actively negotiating the sale of Fazenda and Mariana on proposed terms and conditions that all but wipe out Plaintiffs' interests. Plaintiffs seek here to prevent Defendants from wrongfully taking steps in furtherance of their December 26 actions and, thereby, to protect Plaintiffs' ability, as of right, to evaluate the terms of any proposed sale

and to act in accordance with the best interests of the company and all of its Members. In these circumstances, the requested injunction is appropriate.

33. The Fazenda Operating Agreement provides and acknowledges that "monetary damages would not provide an adequate remedy" in the event the provisions of the operating agreement "are not performed in accordance with their specific terms." (Operating Agreement, ξ11.11.)

34. Plaintiffs have no adequate remedy at law.

35. Without the equitable relief requested, Plaintiffs will suffer irreparable harm.

36. All conditions precedent to Plaintiffs' bringing and prevailing on this cause of action have been fully satisfied.

WHEREFORE, Plaintiffs, Gary Weihs, David Weihs and Preston Pond, hereby pray that this Court enter judgment on Count I in their favor and against Defendants Craig Wilson, and Philip Lane, ordering the following injunctive relief:

a. Prohibiting Defendants Lane from taking any action in furtherance of any of the votes by Defendant Lane taken at anytime after Defendant Lane's refusal to support the calling of the properly requested special Member meeting.

b. Prohibiting Defendants Wilson and Lane from taking any action in furtherance of any of the actions purportedly taken at the December 26, 2008 purported special Director meeting.

c. Prohibiting Defendants Wilson and Lane from taking any action as Directors or on behalf of Fazenda due to the fact that the Members held a meeting that was called for and noticed for the purpose of removing them as Directors and they were Voted to be removed.

d. Requiring that the notices for the requested special Member meeting on December 29 2008 at 3:00 p.m. sent by David Weihs on December 23 2008 to all Members of Fazenda be deemed valid.

and

ordering Defendants to pay Plaintiffs' taxable court costs and reasonable attorneys' fees and expenses, as permitted by law, and ordering such other and further relief as this Court deems just and proper.

Dated this 2nd day of January, 2008.

Respectfully submitted,

David J. Weihs
1019 Quince Road
Harlan, Iowa 51537
Telephone: (712) 744-4230
Facsimile: (712) 744-4229
Email: davidweihs@gmail.com

Gary Weihs
1019 Quince Road
Harlan, Ia 51537