IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DES MOINES DIVISION

| | |
|---|---|
| DAVID WEIHS, GARY WEIHS, and PRESTON POND<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WILSON, and PHILIP LANE,<br><br>Defendants. | Case No.: _____<br><br>APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

COME NOW Plaintiffs, David Weihs, Gary Weihs and Preston Pond, pursuant to Federal Rules of Civil Procedure Rule 65, file this Application for Temporary Restraining Order and Preliminary Injunction, and in support of that Application states and alleges the following:

1. On January 02, 2009, the Plaintiffs filed a Petition for Injunctive Relief.

2. We request a hearing be set as soon as possible for the Preliminary Injunction.

3. The Plaintiff's request this Application for Temporary Restraining Order be granted without notice to the adverse parties and ask for immediate relief which is reasonable in this case due to recent information described in this Application. Specific facts included in the Affidavit of David Weihs and Gary Weihs clearly show that immediate and irreparable damage will result to the Plaintiffs before the adverse parties can be heard in opposition (*See* Affidavit of David Weihs and Gary Weihs submitted herewith). Additionally, specific facts in the Affidavit of Gary Weihs certify in writing the efforts that have been and will be made to give notice to the adverse parties. Plaintiffs are prepared to give security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained, although Plaintiffs assert that the information described and facts set forth in this Application are true to the best to the best of our knowledge, information and belief.

4. This Application challenges the Defendants recent actions as Directors of the Fazenda Parceiros, LLC ("Fazenda") at an unlawfully convened and not properly noticed special Director meeting. At this meeting on December 26, 2008, Defendants Wilson and Lane, and Director Roy Carver, III unlawfully removed Plaintiff David Weihs as an Officer of Fazenda, appointed Roy Carver, III the President of Fazenda, offered Fazenda Membership and Membership Units to Director Roy Carver, III, issued additional Membership Units to Defendants Lane, called a Fazenda special Director meeting to be held on January 02, 2009 at 2:00 p.m. at the offices of the Brown Winick Law Firm in Des Moines, Iowa, and called a Fazenda special Member meeting to be held on January 02, 2009 at 3:00 p.m. at the same offices of the Brown Winick Law Firm in Des Moines, Iowa. Plaintiff's do not know the extent of other action taken at this improperly noticed December 26, 2008 special Director meeting. As is clearly detailed in the Plaintiffs' Petition for Injunctive Relief and the Affidavit's of Gary Weihs, this Director meeting on December 26, 2008 was not properly noticed and was invalid and no action taken at that meeting was valid.

5. On or about December 30, 2008, Plaintiffs learned of a purported special Member meeting to take place on January 02, 2009 at 3:00 p.m. by receiving a Notice letter in the mail which is submitted herewith as "Exhibit E". This special Member meeting notice states that the purpose of the special Member meeting is to hold a Member vote on the sale, lease, exchange or other disposition of all, or substantially all, of the Fazenda's property. If this Member vote is held and Defendant Lane and Director Roy Carver, III attempt to control the vote with their purportedly December 26, 2008 issued new Units/Votes the Plaintiffs will be irreparably harmed due to a near complete loss in their voting rights as Members. On January 01, 2009, the Plaintiffs and all Members received an email from Fazenda Secretary Wayne Goedken which contains details about an offer from a Brazilian individual to purchase 100% of Fazenda's Brazilian holdings. This email and information attached to the

email is submitted herewith as "Exhibit G". This is the offer that is purportedly being voted on at 3:00 p.m. on Friday, January 02, 2009 at a special Member meeting in Des Moines.

6. Plaintiffs Gary Weihs, David Weihs and Preston Pond rightfully hold 12 Units/Votes out of a total of 23 Units/Votes outstanding. This is a controlling interest of Fazenda and allows the Plaintiffs' to analyze the offer and control the decision if all three Plaintiffs attend any special Member meeting called for the purpose of voting on a sale of such. No additional new Units/Votes have been properly or lawfully issued and any Units/Votes that were purportedly issued at the December 26, 2008 special Director meeting are invalid.

7. The Plaintiffs request the Court grant a Temporary Restraining Order to stay existing 23 outstanding Units/Votes of Fazenda and that during the 3:00 p.m. special Member meeting on January 02, 2009, Defendant Lane be restrained from voting any more Units/Votes than he held as of December 26, 2008 which is 5 Units/Votes.

8. The special Director meeting that has been called and properly noticed for January 02, 2009 at 2:00 p.m. should only be attended by the two current Directors, Plaintiff Gary Weihs and Director Roy Carver, III and the two current Officers, Plaintiff and Vice President David Weihs and Secretary Wayne Goedken.

9. The Plaintiffs request the Court to grant a Temporary Restraining Order to stay Defendants Lane and Wilson from participating as Directors at the January 02, 2009 at 2:00 p.m. special Director meeting because they have been removed as Directors by the Members on December 29, 2008 at a meeting that was called for and noticed for that purposed.

10. Based upon information and belief, Defendant Lane does not recognize that he has been removed as a Director and also will attempt to vote his original five (5) Units/Votes and some amount of additional Units/Votes that were purportedly issued at the invalid December 26, 2008 special Director meeting.

11. Plaintiffs request the Court to grant a Temporary Restraining Order and a Preliminary Injunction for the additional reasons as stated in the Petition for Injunctive Relief. (See Petition, paragraphs 14-36, inclusive.)

12. Plaintiffs have a sufficient probability of ultimate success on the merits.

13. Without a Temporary Restraining Order and Preliminary Injunction, Plaintiffs' will suffer irreparable injury in that they will be denied access to the judiciary – which is statutorily granted; they will be forced to endure a Member vote at 3:00 p.m. on January 02, 2009 that they will not have any control over.

14. Notice to the opposing parties will not change the nature of the initial request.

15. The Plaintiffs will contact the attorney representing the Defendants, so that they are aware of the filing of the Petition for Injunctive Relief, this Application for Temporary Restraining Order and Preliminary Injuction, and the Affidavit in Support of that Application. Such contact has not been done to date, as the Petition was finalized and filed today Friday January 02, 2008, and the Plaintiffs have been preparing the present Application, supporting Affidavit and working on the Petition up to the time of this filing.

16. The Court could grant a Temporary Restraining Order and set this matter for hearing at the Court's earliest convenience.

17. A subsequent hearing would permit the parties to more appropriately submit such affidavits or evidence as they deem fit and submit such briefs as would assist the Court in a ruling on continuing the temporary restraining order and/or issuing a preliminary injunction.

18. The four-part test of Dataphase Systems, Inc v C.L. Systems, Inc., 640 F. 2nd 109 (8th Cir. 1981), are satisfied, in that there is a sufficient probability that the Plaintiffs will succeed on the merits, there is a significant and real threat of irreparable harm to the Plaintiffs, the balance of harm favors a temporary restraining order and preliminary injunction, and the public interest is served in protecting the asserted constitutional rights and by granting the temporary restraining order and preliminary injunction.

WHEREFORE, Plaintiffs, Gary Weihs, David Weihs and Preston Pond, respectfully requests the Court to:

(1)     Enter a Temporary Restraining Order staying the existing 23 outstanding Units/Votes of Fazenda and that during the 3:00 p.m. special Member meeting on January 02, 2009 and other Member actions, Defendant Lane be restrained from voting any more Units/Votes than he held as of December 26, 2008 which is 5 Units/Votes until a further Order of this Court or proper action of the current Fazenda Directors Roy Carver, III and Plaintiff Gary Weihs.

(2)     Enter a Temporary Restraining Order prohibiting the Defendants Lane and Wilson, from participating as Directors at the January 02, 2009 at 2:00 p.m. special Director meeting or other Director action until further Order of this Court.

(3)     Enter a hearing on the Application for Temporary Restraining Order and Preliminary Injunction at the Court's earliest convenience.

(4)     Enter an Order containing a date certain to submit legal briefs to fully apprise the Court of the Parties' position on the issues presented in the Petition and the Application for Temporary Restraining Order and Preliminary Injunction.

(5)     Upon hearing, enter a Preliminary Injunction prohibiting the Defendants, Philip Lane and Craig Wilson from Voting more Fazenda Units/Votes than they had prior to December 26, 2008 and from taking any action in the capacity of a Director of Fazenda until further Order of the Court.

Dated this ___2nd___ day of ___January___, 2008.

Respectfully submitted,

_____
David J. Weihs
1019 Quince Road
Harlan, Iowa 51537
Telephone: (712) 744-4230
Facsimile: (712) 744-4229
Email: davidweihs@gmail.com